**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-3207

MARIA VOLLE,

      Plaintiff,

v.

BRYAN COPELAND and
MALMGREN TRUCKING, INC.

      Defendants.

_____

### NOTICE OF REMOVAL
_____

Defendant Malmgren Trucking, Inc. ("Defendant"), by and through its undersigned counsel, Hall & Evans LLC, hereby files its Notice of Removal of this action from the District Court, Jefferson County, State of Colorado, to the United States District Court for the District of Colorado. As grounds for this removal, Defendant states that there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.  In further support of its Notice of Removal, Defendant states and alleges as follows:

### I.    INTRODUCTION

1.    Plaintiff Maria Volle ("Plaintiff" and/or "Ms. Volle") initiated this lawsuit against Malmgren Trucking, Inc. and Bryan Copeland in the District Court of Jefferson County, State of Colorado, originally captioned *Maria Volle v. Bryan Copeland and Malmgren Trucking, Inc.,* Civil Action No. 2023CV31420 (the "State Action").  *See* Plaintiff's Civil Case Cover Sheet, attached as **Exhibit A**; *see also* Plaintiff's Complaint, attached as **Exhibit B.**

2.      Plaintiff's Complaint asserts claims of negligence, negligence *per se*, and vicarious

liability.  *See* Exhibit B at ¶¶ 14-31.

3.      Plaintiff seeks recovery of past and future economic damages, past and future non-

economic damages, damages for temporary and permanent physical impairment, along with

interest, fees, and costs.  *See* **Exhibit B** at  ¶¶ 11-13, 18-20, 26-28; *see also id.* at p. 4.

## II.     COMPLIANCE WITH THE RULES

4.      All procedural requirements related to the removal of this action have been

satisfied.

5.      Defendant was served with Plaintiff's Complaint on November 3, 2023 in care of

its registered agent.  *See* Affidavit of Service, attached as **Exhibit C.**

6.      This Notice of Removal is filed within thirty (30) days of service of Plaintiff's

original Compliant on Defendant and is timely pursuant to 28 U.S.C. §§ 1441 and 1446(b), and

Fed. R. Civ. P. 6(a)(1)(C).

7.      A copy of this Notice of Removal will be filed with the State Action and served

upon Plaintiff's counsel.

8.      Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), copies of the

following process, pleadings, and orders that were served upon Defendant or filed in the State

Action are attached as follows:

      a.      **Exhibit A** – Civil Case Cover Sheet;

      b.      **Exhibit B** – Complaint with Jury Demand;

      c.      **Exhibit C** – Affidavit of Service;

      d.      **Exhibit D –** Civil Procedure Order;

      e.      **Exhibit E –** Summons (Malmgren Trucking, Inc.);

f.	**Exhibit F** – Summons (Bryan Copeland).

9.	Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

10.	Pursuant to Fed. R. Civ. P. 81(c), Defendant will present its defenses by pleading at the time prescribed herein, and specifically reserves its right to assert all defenses, including those defenses under Fed. R. Civ. P. 12(b).

11.	Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.

### III.	DIVERSITY JURISDICTION

12.	This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332.  Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

### A.	THE PARTIES ARE CITIZENS OF DIFFERENT STATES

13.	Here, there is complete diversity of citizenship between Plaintiff and the named Defendants.  Plaintiff is a citizen and resident of the State of Colorado.  *See* **Exhibit B** at ¶ 1; *see also Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) (finding that "[f]or purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile.").

14.	Defendant Copeland is a citizen of the State of Utah.  *See* **Exhibit B** at ¶ 2.

15.	Defendant Malmgren is a Utah corporation with its principal place of business in Utah.  Therefore, Malmgren Trucking, Inc. is a citizen of Utah.  *See* 28 U.S.C. § 1332(c) (holding

"a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

16.    For purposes of federal diversity jurisdiction, the parties are completely diverse pursuant to 28 U.S.C. § 1332(a)(1).

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

17.    The amount in controversy here exceeds $75,000 as required by 28 U.S.C. § 1332(a).[1]  Plaintiff's Civil Case Cover Sheet, filed in the District Court of Jefferson County, represents to the Court that Plaintiff seeks a monetary judgment for more than $100,000, and based upon information reasonably available at present, Plaintiff values her claims in excess of $100,000. *See* **Exhibit A** at ¶ 2.

18.    Plaintiff's Complaint further alleges severe physical injury that has resulted in past and future economic expenses, loss of time, and other economic damages, along with past and future non-economic damages, and impairment damages.  *See* **Exhibit B** at  ¶¶ 11-13, 18-20, 26-28.  Plaintiff also seeks recovery of interest, fees, and costs.  *See id.* at p. 4.

19.    "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

20.    Similarly, in determining the amount in controversy, a court may look to the object sought to be accomplished by the Plaintiff's Complaint.  *See Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.*; *see also McPhail*

---

1 Defendant does not concede or waive its right to contest Plaintiff's alleged damages.

*v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

21.    When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See id.* at 554. A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

22.    Here, Plaintiff admits that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, in her Civil Case Cover Sheet. *See* **Exhibit A**. The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)." *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016). The Tenth Circuit Court of Appeals has concluded that the cover sheet "starts the removal clock" and there is "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceedings." *Id.*

23.    Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

5

24.    Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

25.    Defendant hereby certifies that neither a trial nor any hearings in this matter have been set in the District Court, Jefferson County, State of Colorado.

26.    Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCiv.R. 81.1.

27.    A copy of this Notice of Removal is being filed with the Clerk of the District Court, Jefferson County, State of Colorado, and is being served on Plaintiff's counsel as specified on the attached Certificate of Service.

28.    All grounds for removal from state district court have been met.

WHEREFORE, Defendant Malmgren Trucking, Inc. hereby removes the above-captioned case from Jefferson County District Court, Case No. 2023CV31420, to the United States District Court for the District of Colorado as provided by law and will proceed with this action as if it had originally been commenced in this Court.

DATED this 4th day of December, 2023.

**HALL & EVANS, LLC**

*s/ Joshua Sommers*
Paul T. Yarbrough, #48518
Joshua A. Sommers, #47285
1001 Seventeenth Street, Suite 300
Denver, Colorado 80202
*Attorneys for Defendant Malmgren Trucking, Inc.*

6

## <u>CERTIFICATE OF SERVICE  (CM/ECF)</u>

I hereby certify that on this <u>4th</u> day of December, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following parties or their counsel of record:

Daniel Foster, #27282
Nathaniel Mortensen, #53964
Foster Graham Milstein & Calisher, LLP
360 S. Garfield Street, 6th Floor
Denver, Colorado 80209
*Attorneys for Plaintiff*

<u>*s/ Joshua Sommers*</u>

7